IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PATRICK J. RICHARDSON, individually and as guardian for his minor children | * * * |
| Plaintiff | * * |
| v. | Civil Action No. 09-CV-03404 * * |
| SEXUAL ASSAULT/SPOUSE ABUSE RESOURCE CENTER, INC. (SARC) OF HARFORD COUNTY, et al | * * * * |
| Defendants | * |

**************************************************************************************

## MOTION TO QUASH SUBPOENAS

Defendants, pursuant to Federal Rule of Civil Procedure 26 (c), move to quash subpoenas issued by the Plaintiff to William F. Riddle, Kevin J. McCamant, Ph.D., Stephanie Powers, Luisa Caiazzo-Nutter and Sexual Assault/Spouse Abuse Resource Center, Inc. ("SARC"). These subpoenas are attached as Exhibit 1. The subpoenas all generally request that the recipients disclose documents and records that may reference services, treatment, or other interactions between Sheri Richardson and the Defendants. Defendants assert that the requested records are confidential and that the subpoenas must be quashed.

**Nature of the Case**

This matter arises from a domestic dispute between Plaintiff Patrick Richardson and his former wife, Sheri Richardson. There is apparently a long and complicated domestic case

concerning the termination of their marriage and disposition of legal and physical custody of the five children of the marriage. Patrick Richardson has brought this case in his own name and on behalf of the five children, asserting two general claims. First, Mr. Richardson asserts that Defendant SARC discriminated against him on the basis of gender by declining to provide counseling and legal services to him. The Defendants have countered that the sole reason that it could not and did not provide services to Mr. Richardson is because SARC had an irreconcilable conflict of interest. The second claim from Mr. Richardson is that the Defendants somehow caused harm to him and his children by interfering in some as yet undefined way in the divorce proceedings with his wife. Absent factual information to be gained in further discovery, primarily a deposition of Mr. Richardson, Defendants are not in a position to respond to this claim.

SARC is a non-profit organization that provides assistance to victims of domestic violence and their families through crisis intervention, medical referral, legal consultation, counseling and providing shelter. SARC is not a law enforcement-based agency. The information received by victim advocates is done solely in the course of a confidential relationship, which is a necessary prerequisite to providing essential services, assistance and counseling. The primary function of SARC's victim advocates is to render advice, counsel, or assist victims of domestic violence or sexual assault.

There are numerous federal and state statutes and regulations that apply to SARC and require SARC to keep strictly confidential the records of services that it provides. The Violence Against Women Act, (hereafter "VAWA"), 42 USC § 13925(b)(2)(2006), through which SARC receives some funding, states:

> **(A) In general**
> In order to ensure the safety of adult, youth, and child victims of domestic violence, dating violence, sexual assault, or stalking, and their families, grantees and subgrantees under this title shall protect the confidentiality and privacy of persons receiving services.
> **(B) Nondisclosure**
> Subject to subparagraphs (C) and (D), grantees and subgrantees shall not--
> **(i)** disclose any personally identifying information or individual information collected in connection with services requested, utilized, or denied through grantees' and subgrantees' programs; or
> **(ii)** reveal individual client information without the informed, written, reasonably time-limited consent of the person (or in the case of an unemancipated minor, the minor and the parent or guardian or in the case of persons with disabilities, the guardian) about whom information is sought, whether for this program or any other Federal, State, tribal, or territorial grant program, except that consent for release may not be given by the abuser of the minor, person with disabilities, or the abuser of the other parent of the minor.
> **(C) Release**
> If release of information described in subparagraph (B) is compelled by statutory or court mandate--
> **(i)** grantees and subgrantees shall make reasonable attempts to provide notice to victims affected by the disclosure of information; and
> **(ii)** grantees and subgrantees shall take steps necessary to protect the privacy and safety of the persons affected by the release of the information.

Similarly, Maryland law prohibits the release of confidential information by Md. Code Ann., Health-Gen. § 4-306:

> (6) Subject to the additional limitations for a medical record developed primarily in connection with the provision of mental health services in § 4-307 of this subtitle and except as otherwise provided in items (2), (7), and (8) of this subsection, in accordance with compulsory process, if the health care provider receives:
> (i) 1. A written assurance from the party or the attorney representing the party seeking the medical records that:
> A. In a Child in Need of Assistance proceeding pursuant to Title 3, Subtitle 8 of the Courts and Judicial Proceedings Article, a person in interest has not objected to the disclosure of the designated medical records and 15 days have elapsed since the notice was sent;

> B. In all other proceedings, a person in interest has not objected to the disclosure of the designated medical records within 30 days after the notice was sent; or
> C. The objections of a person in interest have been resolved and the request for disclosure is in accordance with the resolution;
> 2. Proof that service of the subpoena, summons, warrant, or court order has been waived by the court for good cause; or
> 3. A copy of an order entered by a court expressly authorizing disclosure of the designated medical records. . . .

As licensed therapists, SARC's staff members are health care providers within the definition provided by Md. Code Ann., Health-Gen. §4-301.  Moreover, A Domestic Violence Program may not "disclose any identifying information regarding an applicant or recipient of service to any agency or individual without written authorization from the applicant or recipient except: As required by State law regarding the reporting of cases of suspected child abuse or neglect; or (2) To Department of Human Resources employees authorized to monitor or audit the program."  COMAR 07.06.04.10.  Finally, a licensed therapist is required to "maintain the privacy and confidentiality of a client and a client's records." COMAR 10.58.03.08.

SARC firmly believes that these confidentiality requirements extends to the limit of even maintaining as confidential whether or not SARC is or has been providing services to any given individual and SARC does not confirm or deny whether it has had any contact with the client whose confidential records are sought or whether it has any records or information about the client whose records are sought.

    The breadth and depth of these confidentiality requirements are of heightened importance in the services that SARC performs, because of the sensitive, volatile, and often highly dangerous nature of sexual assault and spouse abuse.  The absolute need of domestic

violence programs to be free from the invasive, destructive, harassing effect of subpoenas is a matter of stated public policy, and overwhelming public importance, which must be protected by this Court, in accordance with the laws and regulations cited above.  See also, Report to Congress: The Confidentiality of Communications Between Sexual Assault or Domestic Violence Victims and Their Counselors, Findings and Model Legislation, December 1995 at page 16 ("there are persuasive policy arguments supporting the protection of victim counselor-victim communications.").  For instance, if a potential abuser is able to identify that a victim is receiving services from SARC or a similar entity, that abuser has one more location, source and avenue of placing the victim in danger.  Even if there were no physical risk to the victims whose identity and service information are shared, there is emotional damage that can result from having some of one's most private information revealed.  At minimum, trust in the domestic violence program is shattered.  Accordingly, SARC has maintained a strict policy of not disclosing whether or not it is providing services to any individual.

The subpoenas at issue seek to force SARC and other non-parties to this case, including Sheri Richardson's attorney and a health care provider apparently involved in some treatment of one or more members of the Richardson family, to violate the confidentiality requirements in order to expose what, if any, services Sheri Richardson may have received from SARC. Permitting such disclosure is both impermissible under the applicable statutes and regulations and sets a dangerous precedent.  Moreover, the requested records are neither relevant nor likely to lead to the discovery of relevant and admissible evidence.

For the reasons set forth above, Defendants respectfully request that the court quash the subpoenas and enter an Order directing that no person or entity disclose or produce any documents that may indentify in any way whether or not Sheri Richardson sought or was provided services by SARC or its staff members.

**Local Rule 104.7 Certification**

Counsel for the Defendants hereby certifies that she had counsel for the Plaintiff have discussed these matters on several occasions and have been unable to reach an agreement regarding the applicability of the confidentiality statutes and regulations that Defendants assert preclude the requested discovery.  On September 10, counsel for the Plaintiff agreed that the parties are at an impasse on this issue.

          /s/ *Margaret Fonshell Ward*
          Margaret Fonshell Ward (Bar No. 04586)
          Ward & Bustraan, LLC
          102 W. Pennsylvania Avenue
          Suite 401
          Baltimore, Maryland 21204
          410-296-1573
          Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of September, 2010, a copy of the foregoing Motion to Quash Subpoenas was electronically filed, to:

David R. Burroughs, Esquire
185 Springfield Drive
North East, MD 21901
Attorney for Plaintiff

/s/ *Margaret Fonshell Ward*
Margaret Fonshell Ward