IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| PATRICK J. RICHARDSON, individually | * | |
| and as guardian for his minor children | * | |
| | * | |
| Plaintiff | * | |
| | * | Civil Action No. 09-CV-03404 |
| v. | * | |
| | * | |
| SEXUAL ASSAULT/SPOUSE ABUSE | * | |
| RESOURCE CENTER, INC. (SARC) OF | * | |
| HARFORD COUNTY, et al | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO QUASH SUBPOENAS**

The Plaintiff has opposed the Defendants' Motion to Quash Subpoenas, which seek to force production of otherwise confidential documents, on the basis that federal, rather than state, privilege rules should apply. The Plaintiff fundamentally misses both the fact that there is an applicable federal privilege and that there are strong public policy reasons behind the substantive law that prohibits the Defendants from disclosing the request information.

**The Need for Confidentiality**

Pursuant to the several statutes cited by the Defendants, SARC and other victim advocates are prohibited from disclosing information concerning a victim of domestic violence who has sought their assistance and there are few exceptions that would allow for any breach of this confidential relationship. Plaintiff's efforts to obtain such information are an unwarranted interference with the confidential relationship between the advocate and the victim and

compliance with the referenced subpoenas would undermine this confidential relationship. The absolute need of domestic violence programs to be free from the invasive, destructive, harassing effect of subpoenas is a matter of stated public policy, and overwhelming public importance, which must be protected by this Court, in accordance with the cited state and federal laws and regulations. See, Report to Congress: The Confidentiality of Communications Between Sexual Assault or Domestic Violence Victims and Their Counselors, Findings and Model Legislation, December 1995 at page 16 ("there are persuasive policy arguments supporting the protection of victim counselor-victim communications.").

The protection of that confidentiality must extend to both the identity of the victim and the services that may have been provided. Identity and the kinds of services provided are integral to help-seeking and safety for those who turn to domestic violence and sexual assault advocates for assistance. State law, federal law, and public policy all recognize the necessity of confidentiality for the full provision of services for victims of domestic and sexual violence, and identity is a key component to maintaining the integrity of confidential communications. If the identities of those who received services from SARC are revealed, the impact will be profound and damaging. A victim whose identity and services received are at risk of being revealed could be put at risk of further physical and emotional damage. The victims who might come to SARC or other programs for help will be hesitant to do so. The expectation of confidentiality is critical to those victims of violence who seek services. If confidentiality cannot be guaranteed, victims will be in greater danger because they will not feel safe in turning to domestic violence programs for help.

When a battered person, perhaps with children along, seeks assistance or shelter at a

domestic violence program, it is a dangerous time. The batterer is likely to be at the most threatening at that point, because he or she is losing control over the victims. *See*, *e.g.*, Martha Mahoney, *Legal Images of Battered Women: Redefining the Issues of Separation*, 90 Mich. L. Rev. 1 (1991); Barbara J. Hart, *The Legal Road to Freedom* (1991)(this document may be found online at: http://www.mincava.umn.edu/hart/legalro.htm); Margo Wilson and Martin Daly, *Spousal Homicide Risk and Estrangement*, 8 Violence and Victims 10 (1993). Privacy and confidentiality are critical.[1] Safety planning, including taking steps to ensure that a victim's location, telephone number and other contact information is absolutely protected and will not be even inadvertently revealed, is an essential part of maintaining safety. Goelman, ed., *The Impact of Domestic Violence on Your Legal Practice*, Safety Planning, at p. 2-11. (American Bar Association 1996). When the batterer knows that a victim is at a shelter or has contacted a domestic violence program, the potential for danger escalates. *See* Mahoney, *supra,* 90 Mich. L. Rev. 1. Even years later, the discovery that a victim has received domestic violence services can be seen by the batterer as a betrayal -- revealing the family secret of abuse. *See* James Ptacek, *Battered Women in the Courtroom: The Power of Judicial Responses* (Northeastern Univ. Press 1999) p. 85. The requested information in this case could reveal who and where those victims are, risking harm to them, and destroying their courageous steps toward safety.

Even if there were no physical risk to the victim whose identity and service information

---

[1] The Department of Justice report which was required by Congress, 42 USC 13942 (2000), analyzes the justification for keeping confidential the communications between domestic violence counselors and battered women. *Report to Congress: The Confidentiality of Communications Between Sexual Assault or Domestic Violence Victims and Their Counselors, Findings and Model Legislation*, December 1995. That report affirms the essential role confidentiality plays in safety for battered women.

are shared, there is emotional damage that can result from having some of one's most private information revealed.  At minimum, the trust in the domestic violence program is shattered.  The program assured the victim that her contact with them would remain confidential, but that assurance would seem to be false: if her interactions with the domestic violence program are open for scrutiny, she will likely feel that her security and safety are compromised, and that her refuge of last resort has betrayed her.  *See* Mary Ann Dutton, *Understanding Women's Responses to Domestic Violence: A Redefinition of Battered Women's Syndrome*, 21 Hofstra L. Rev. 1191, 1215-1222 (Summer 1993).  For a victim of domestic violence or sexual assault, the sense of violation and betrayal can be particularly devastating.

Once the information is out, it has violated the expectation of confidentiality.  Once the information is out, it has greater potential to be further disclosed to others.  Just as a bell cannot be unrung, once confidentiality and privacy have been breached, the victim's safety and sense of trust is compromised and betrayed.  The harm caused by the disclosure cannot be undone.  The reverberations and echoes of demanding exposure of victim's identities and the services they may receive are far reaching, and can't be easily limited.

**Application of Confidentiality Laws and Regulations**

To say that the information is "privileged" means that the contents of the communication are of such character that the law as a matter of public policy protects them against disclosure.  *Communist Party of U.S. v. Subversive Activity Control Board*, 254 F.2d 314 (1958).  Rules of privilege are also substantive, rather than mere procedural rules.  *Republic Beer Co. v. Borg-Warner Corp.*, 381 F.2d 551 (2d Cir. 1967).

4

Here, the employees of SARC whose records are being requested are licensed therapists, subject to the confidentiality requirements imposed upon health care providers. Indeed, to the extent that federal law should apply to the issue of confidentiality restrictions asserted by the defendants, the Supreme Court has specifically recognized and accepted a psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923 (1996). Numerous federal courts have recognized privileges that are identical or similar to the statutory regulations that preclude the Defendants from divulging information concerning their clients. For instance, in *U.S. v. Lowe*, 948 F.Supp. 97 (D. Mass. 1996), the court found a privilege between a client of a rape counseling center and a rape crisis counselor. In addition to the federal and state laws and regulations already cited, other programs and requirements of the federal government acknowledge the significance of confidentiality and its direct relationship to the safety of battered women and their children, and demands adherence to statutorily required confidentiality rules.[2]

---

[2] Domestic violence programs often receive funding under grant programs authorized by federal law: the Family Violence Prevention and Services Act , 42 USC 10401 *et. seq.*, the Emergency Shelter Grants Program (hereafter "HUD program") 42 USC 11375, and the Victim Compensation and Assistance Program (part of the Victims of Crime Act of 1984)(hereafter "VOCA"), 42 USC 10601 *et. seq.* Each of those programs includes statutory or regulatory language which requires AADA, as a condition of funding, to have policies and procedures which will assure that confidentiality of served individuals will be maintained. *See* FVPSA, 42 USC 10402(a)(2)(E)(funding applicant must "provide documentation that procedures have been developed, and implemented including copies of the policies and procedure, to assure the confidentiality of records pertaining to any individual provided family violence prevention and treatment services by any program assisted under [FVPSA]"). *See also* HUD Program, 42 USC 11375(c)(5)(grant recipients must certify to the Secretary of HUD that "it will develop and implement procedures to ensure the confidentiality of records pertaining to any individual provided family violence prevention or treatment services"). Under VOCA, grantees must certify that they will comply with the regulations set out in 28 CFR Part 22. If the regulations are not adhered to, the program may have sanctions imposed, including the termination of

Moreover, Federal Rule of Evidence 501 supports application of state law to the pendent state causes of action:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Though Plaintiff's gender discrimination action may be subject to federal law, the tort claims in the case, for "tortious interference" and intentional infliction of emotional distress are state law claims. State privilege law applies where state law supplies the rule of decision of the Plaintiff's claims. *Crowe v. County of San Diego*, 242 F.Supp. 2d 740 (S.D. Cal. 2003).

All of the statutes that the Defendants have cited require, in one form or another, that disclosure be made only upon court order. No court order has permitted such disclosures in this matter and this court should not order such disclosures in this case.

Accordingly, Defendants respectfully request that their Motion to Quash Subpoenas be granted and that an Order be entered precluding the production in any form or in response to

---

VOCA funding. Any person violating the confidentiality provisions may be fined an amount not to exceed $10,000 plus any other penalty imposed by law. 42 USC 3789g(d). Service participants must be notified that any identifying information will only be used or revealed for statistical or research purposes. 28 CFR 22.27.

any discovery requests, of any information concerning the identity of service recipients and nature of services provided.

                                               */s/ Margaret Fonshell Ward*
                                               Margaret Fonshell Ward (04586)
                                               Ward & Herzog, LLC
                                               102 West Pennsylvania Avenue
                                               Suite 401
                                               Baltimore, Maryland 21204
                                               410-296-1573
                                               ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of October, 2010, a copy of the foregoing Defendant's Reply in Support of Motion to Quash Subpoenas was filed with the Clerk of the Court using the CM/ECF system and sent electronically to:

David R. Burroughs, Esquire
185 Springfield Drive
North East, MD 21901
Attorney for Plaintiff

                                               */s/ Margaret Fonshell Ward*
                                               Margaret Fonshell Ward